UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-1666

MARK LEYSE, Individually and on Behalf
of All Others Similarly Situated,

Appellant

v.

BANK OF AMERICA NATIONAL ASSOCIATION

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-07128)
District Judge: Honorable Susan D. Wigenton

Submitted under Third Circuit LAR 34.1(a)
On September 24, 2020

Before: AMBRO, PORTER and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 19, 2021)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge.

Mark Leyse brought an action under the Telephone Consumer Protection Act (TCPA) after receiving a prerecorded telemarketing call on the landline he shares with his roommate. Leyse's complaint contains a single count for violation of the TCPA. Defendant moved for summary judgment, arguing, *inter alia*, that Leyse lacked standing to sue under Article III of the United States Constitution. The District Court granted the motion, and Leyse appealed. We will affirm.

**I.**

On March 11, 2005, DialAmerica Marketing, Inc., on behalf of Bank of America, called the residential telephone line that Leyse shared with his roommate, Genevieve Dutriaux. Leyse answered the call. DialAmerica did not have a sales representative available to handle the call when it was made, and therefore it played the following prerecorded message: "This call is on behalf of Bank of America at 1-800-201-6872 for telemarketing purposes. We're sorry we missed you and we will try calling back at another time."[1]

At the time of the call, Leyse worked as an investigator for Attorney Todd C. Bank, helping him prepare TCPA lawsuits.[2] In this role, Leyse made investigative calls to companies to determine the number and frequency of the calls they made. During these calls, Leyse used a false name, withheld the true purpose of the calls, and secretly

---

[1] Appx. 3.
[2] Bank represents Leyse in this appeal.

recorded them. He then provided the recordings to Bank to use in TCPA suits such as this one.

After the March 11 call, Leyse placed and recorded over 20 calls to DialAmerica and provided the recordings to Bank. During these calls, Leyse used a false name and employer and asked DialAmerica about the services it provided, the numbers it called, the dialing system it used, the number of recorded messages it left per day, and whether the representatives knew that the call violated the TCPA. When twice asked by DialAmerica representatives if he wanted to be added to their Do-Not-Call list, Leyse declined.

Leyse sued Bank of America on December 5, 2011.[3] The First Amended Class Action Complaint contains a single count of violation of the TCPA. Leyse does not allege that he suffered any annoyance or nuisance from the call and seeks only statutory damages. Following prolonged discovery, Bank of America moved for summary judgment, arguing that (1) Leyse lacked Article III standing to sue under the TCPA, (2) the call was exempt from the TCPA under FCC rules because the parties had an established business relationship in that Leyse was a customer of Bank of America, and (3) the content of the recorded message did not violate the TCPA. The District Court agreed with Bank of America and granted summary judgment in its favor on all three grounds.

---

[3] Because we write primarily for the parties, we only discuss the proceedings to the extent necessary for resolving this appeal.

## II.

The District Court found that Leyse failed to establish Article III standing to sue under the TCPA.[4] It reasoned that Leyse did not claim that he suffered nuisance, annoyance, inconvenience, wasted time, or any other such injury. He only asserts a bare procedural violation that resulted in no harm. Accordingly, the District Court held that Leyse failed to establish an injury-in-fact, as required to demonstrate standing to sue under Article III of the United States Constitution. We agree with the District Court and will affirm its holding.

"Under Article III of the United States Constitution, the power of the judiciary extends only to Cases and Controversies."[5] "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue."[6] The standing doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court" and has "developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood."[7] To maintain a suit, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed

---

[4] This Court "review[s] a party's standing to sue de novo." *Freedom From Religion Found., Inc. v. Cnty. of Lehigh*, 933 F.3d 275, 279 (3d Cir. 2019) (citation omitted).
[5] *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (internal quotation marks omitted).
[6] *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted).
[7] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted).

by a favorable judicial decision."[8]  This appeal involves only the first requirement, injury-in-fact.

To show injury in fact, a plaintiff must allege "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[9]  "'Th[e] injury . . . must be concrete in both a qualitative and temporal sense,' and an 'abstract' injury will not suffice."[10]  In *Spokeo, Inc. v. Robbins*, the Supreme Court recognized that Congress may elevate certain intangible harms "to the status of legally cognizable injuries," even if those injuries "were previously inadequate in law,"[11] but that this "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right."[12]

We have recognized *Spokeo's* teaching that "there are some circumstances where the mere technical violation of a procedural requirement of a statute cannot, in and of itself, constitute an injury in fact."[13]  However, we have also held that "[w]hen one sues under a statute alleging "'the very injury [the statute] is intended to prevent,' and the injury "has a close relationship to a harm . . . traditionally . . . providing a basis for a lawsuit in English or American courts," a concrete injury has been pleaded.[14]

---

[8] *Id*.

[9] *Id*. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (3d Cir. 1992)).

[10] *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 110 (3d Cir. 2019) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

[11] *Spokeo, Inc.*, 136 S. Ct. at 1547 (quoting *Lujan*, 504 U.S. at 578).

[12] *Id*.

[13] *Susinno v. Work Out World Inc.*, 862 F.3d 346, 350 (3d Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1549).

[14] *Id*. at 350–51.

On appeal, Leyse argues that, with respect to the TCPA, Article III standing does not require any allegations of harm beyond the statutory violations themselves. [15] We decline to adopt such an absolute rule of standing with respect to the TCPA.

In a prior appeal in this matter, we held that the TCPA is intended to prevent harm stemming from nuisance, invasions of privacy, and other such injuries. [16] Therefore, Leyse must allege one of those injuries that the TCPA is intended to prevent. [17] The District Court found that Leyse did not assert such an injury. Leyse does not dispute this finding. Accordingly, Leyse cannot show a concrete harm that is necessary to demonstrate an injury-in-fact.

Such a demonstration is required to establish Article III standing to sue under the TCPA. Because we hold that Leyse lacks standing, we need not address Leyse's additional challenges to the District Court's grant of summary judgment against him.

## III.

For the above reasons, we will affirm the District Court's grant of summary judgment in Bank of America's favor. [18]

---

[15] Leyse also argues that the established business relationship exception does not apply, and the abandoned call regulation did not render the Call exempt from the TCPA. Because we affirm the District Court's ruling on the standing issue, we do not address the remaining challenges.

[16] *Leyse v. Bank of Am. Nat'l. Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015).

[17] *Susinno*, 862 F.3d at 350–51.

[18] Judge Porter concurs in the judgment and would affirm because Dial America's call to Leyse did not violate the Telephone Consumer Protection Act.